```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

LEONARD FUJARSKI and          : Civil A. No. 09-4973(NLH)(AMD)
LINDA FUJARSKI,               :
                              :
        Plaintiffs,           :
                              :
     v.                       : MEMORANDUM OPINION & ORDER
                              :
L.F. DRISCOLL CO.,            :
                              :
        Defendant.            :
                              :
                              :
L.F. DRISCOLL CO.,            :
                              :
        Third-Party Plaintiff/:
        Cross-Defendant,      :
     v.                       :
                              :
                              :
BAMCO, INC.,                  :
                              :
        Third-Party Defendant/:
        Cross-Claimant.       :
```

**APPEARANCES:**

THOMAS F. SACCHETTA
SACCHETTA & BALDINO, ESQS.
EXECUTIVE CENTER OF GREENTREE
1 EVES DRIVE
SUITE 111
MARLTON, NJ 08053
     On behalf of plaintiffs

JARED K. LEVY
MICHELLE D. COBURN
WHITE & WILLIAMS, LLP
LIBERTYVIEW BUILDING
457 HADDONFIELD ROAD
SUITE 400
CHERRY HILL, NJ 08002-2220
     On behalf of L.F. Driscoll Co.

ARTHUR E. DONNELLY
ROMANDO TUCKER ZIRULNIK & SHERLOCK
MARLTON EXECUTIVE PARK I
701 ROUTE 73 SOUTH

SUITE 120
MARLTON, NJ 08053
     On behalf of Bamco, Inc.

**HILLMAN, District Judge**

This matter having come before the Court on the cross-motions for summary judgment of L.F. Driscoll Co. and Bamco, Inc. in their capacities as third-party plaintiff/cross-defendant and defendant/cross-claimant, respectively; and

On January 11, 2006, L.F. Driscoll Co., construction manager for a construction site in Atlantic City, New Jersey, entered into a subcontractor agreement with Bamco, Inc., for its carpentry services; and

In that agreement, Bamco agreed to "indemnify and hold harmless" L.F. Driscoll "from and against any and all claims . . . [and] reasonable legal fees and liability of any kind which [L.F. Driscoll] may incur . . . by reason of . . . injury to . . . any person . . . caused or alleged to have been caused in whole or part by any act or omission of [Bamco] . . . ." (Docket No. 27-5 at 23); and

The indemnification agreement also covered "claims by employees of [Bamco] . . . in connection with the Work," and "claims caused . . . in part by the negligence of [L.F. Driscoll]" (id.); and

The indemnification agreement further providing that L.F. Driscoll may give notice to Bamco of any covered claim, and Bamco

shall defend L.F. Driscoll against any action on that claim, and pay all defense costs, including attorney's fees (id.); and

The subcontractor agreement also providing that Bamco agreed to procure insurance, general and umbrella, and name L.F. Driscoll as an additional insured on its policies, and that both the general and umbrella policies shall be primary to L.F. Driscoll's insurance;[1] and

On June 14, 2007, plaintiff Leonard Fujarski, an employee of Bamco, was injured by a ladder during his work at the Atlantic City construction site; and

On September 29, 2009,[2] Fujarski having filed suit in this Court against L.F. Driscoll, claiming, *inter alia*, that it, as the construction manager, was negligent in its duty to provide a safe work site[3]; and

On November 19, 2009, L.F. Driscoll having filed a third-party complaint against Bamco, alleging that Bamco has breached

---

[1] The subcontractor agreement also provided that it should be governed by Pennsylvania law.  (Docket No. 27-5 at 17.)

[2] Previously, on June 12, 2009, Fujarski filed a complaint against L.F. Driscoll in the Court of Common Pleas, Philadelphia County, Philadelphia.  On September 15, 2009, that court dismissed Fujarski's complaint on forum non conveniens grounds, but conditioned the dismissal on defendant's waiver of any statute of limitations defense.

[3] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

the indemnification provision in their subcontractor agreement because it failed to provide it with a defense to Fujarski's claims, and because Bamco agreed to indemnify it for claims such as Fujarski's; and

On February 5, 2010, Bamco's insurer having accepted L.F. Driscoll as an additional insured on Bamco's primary policy up to $1 million, and having accepted L.F. Driscoll's tender of defense; but

Bamco's insurer having denied any obligation for defense and indemnification beyond the $1 million primary coverage, finding that the indemnification agreement between Bamco and L.F. Driscoll was not clear as to Bamco's obligation to indemnify L.F. Driscoll for L.F. Driscoll's own negligence (Docket No. 27-9); and

Bamco having filed a motion for summary judgment, arguing that L.F. Driscoll's third-party complaint against it is moot because of its insurer's acceptance of L.F. Driscoll's defense and the addition of L.F. Driscoll as an additional insured; and

L.F. Driscoll having filed a cross-motion for summary judgment, arguing that it is entitled to summary judgment on its third-party claims against Bamco because of Bamco's breach of the indemnification provision, which requires Bamco to indemnify L.F. Driscoll for claims by a Bamco employee resulting from either Bamco's and L.F. Driscoll's negligence; and

4

L.F. Driscoll also arguing in opposition to Bamco's motion that because Fujarski's settlement demand is $3 million, and it is only currently covered for up to $1 million on Bamco's insurance policy, its claims against Bamco are not moot; and

L.F. Driscoll additionally arguing that the Court should order Bamco to pay its attorney's fees and costs it has occurred, and may possibly incur in the future, along with any settlement or judgment that may be entered in the future beyond the $1 million; and

The Court finding that L.F. Driscoll's third-party claims against Bamco are not rendered moot by Bamco's insurer's acceptance of L.F. Driscoll's defense, as it has not yet been determined the extent of Bamco's obligations under the indemnification agreement to indemnify L.F. Driscoll for a Bamco employee's claims against it; and

The Court further finding that judgment also cannot be entered in L.F. Driscoll's favor on its third-party claims against Bamco because even if the indemnification agreement were to be construed in accord with L.F. Driscoll's interpretation (i.e., that Bamco agreed to indemnify L.F. Driscoll for any claims by a Bamco employee against L.F. Driscoll for either Bamco's or L.F. Driscoll's negligence), it has not been determined (1) which entity--either Bamco or L.F. Driscoll--is liable for Fujarski's injuries, and (2) the amount of damages, if

any, Fujarski shall be awarded, and, therefore, L.F. Driscoll's claims are not yet ripe[4]; and

The Court finding it must refrain from deciding the indemnification issue--and the related attorney's fees issue--until liability against L.F. Driscoll has been conclusively established, see C.S. v. Colony Ins. Co., 2010 WL 2841396 (Pa. Com. Pl. March 29, 2010) (citing Unionamerica Insurance Company Ltd. v. Johnson, 806 A.2d 431, 434 (Pa. Super. 2002) (finding that "[i]t was premature for the trial court to rule on the indemnity question" and stating that "[t]he duty to indemnify arises only if, after trial on the third-party claim, it is determined that the loss suffered is covered by the terms of the policy"); Step-Saver Data Systems Inc. v. WYSE Technology, 912 F.2d 643, 647 (3d Cir. 1990); TDY Industries Inc. v. National Freight Transportation Inc., 2009 WL 691947 at *11 (W.D. Pa.

---

[4] For example, if Fujarski receives an award of damages, either through settlement or judgment, for $1 million or less, L.F. Driscoll does not have a claim for indemnification, as Bamco's insurer has already agreed to indemnify L.F. Driscoll up to that amount. It appears that through its motion for summary judgment, L.F. Driscoll is asking the Court to issue a declaratory judgment that Bamco must indemnify L.F. Driscoll for any award to Fujarski that exceeds $1 million. The Court will not issue an essentially advisory opinion at this point.

With regard to defense costs, although Bamco's insurer agreed as of February 5, 2010 to provide L.F. Driscoll with a defense to Fujarski's claims, and L.F. Driscoll may be entitled to reimbursement of its legal fees resulting from any delay in the insurer's acceptance of its tender, or for other relevant fees, the Court, for the same reasons as the indemnification issue, will not enter any order on the legal fees claim against Bamco until Fujarski's claims are resolved.

2009) ("As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action."); <u>Whole Enchilada Inc. v. Travelers Property Cas. Co. of America</u>, 581 F. Supp. 2d 677, 695 (W.D. Pa. 2008) ("An insurer will have a duty to indemnify when liability against the insured is conclusively established."); <u>Allstate Insurance Company v. Lombardi</u>, 2003 WL 21666090 at *3 (E.D. Pa. 2003) ("[W]here it is determined that the insurer does have a duty to defend, and where the liability of the insured in the underlying action has not yet been determined, the issue of indemnification cannot be addressed or resolved by the declaratory judgment court."), <u>aff'd</u>, 142 Fed. Appx. 549 (3d Cir. 2005)) (other citations omitted);

Accordingly,

IT IS HEREBY on this 19th day of May, 2011

ORDERED that Bamco, Inc.'s motion for summary judgment [24] and L.F. Driscoll, Co.'s cross-motion for summary judgment [28] are DENIED without prejudice.

                                                             s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.